**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEVILLE PORRAS, | No. C 09-04936 CW (PR) |
| Petitioner, | |
| v. | ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS; AND DENYING CERTIFICATE OF APPEALABILITY |
| C. NOLL, Warden, | |
| Respondent. | |

_____/

INTRODUCTION

Petitioner filed the present pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 based upon Governor Arnold Schwarzenegger's reversal of the decision by the Board of Parole Hearings (Board) finding Petitioner suitable for parole. For the reasons set forth below, the petition is DENIED.

BACKGROUND

In 1989, a San Joaquin County Superior Court jury convicted Petitioner of second degree murder, and he was sentenced to fifteen years to life, plus a one-year enhancement, in state prison.  In 2008, the Board found Petitioner suitable for parole.  On January 29, 2009, the Governor, pursuant to California Penal Code § 3041.2, reviewed the evidence considered by the Board and reversed the grant of parole on grounds that the circumstances of his commitment offense, his lack of "full insight into the circumstances surrounding Shawn Bartholomew's murder," and his "limited participation in self-help or therapy, particularly the role of alcohol in the life offense," indicate that, if released from prison, he would pose an unreasonable risk of danger to society, or

a threat to public safety, or both.  (Pet., Ex. 4 at 2-3.)[1]  In response to the Governor's decision, Petitioner sought, but was denied, relief on state collateral review.  This federal habeas petition followed.

STANDARD OF REVIEW

A federal writ of habeas corpus may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claims: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000).  "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's

---

[1] Citations are to the pages of the Governor's Indeterminate Sentence Parole Release Review.

2

case." Id. at 413.  The only definitive source of clearly
established federal law under 28 U.S.C. § 2254(d) is in the
holdings of the Supreme Court as of the time of the relevant state
court decision.  Id. at 412.

DISCUSSION

Petitioner claims that the Governor's decision violated his
right to due process because it was not based on "some evidence"
that he currently poses an unreasonable risk to public safety, a
requirement under California law.  "There is no right under the
Federal Constitution to be conditionally released before the
expiration of a valid sentence, and the States are under no duty
to offer parole to their prisoners." Greenholtz v. Inmates of
Neb. Penal and Correctional Complex, 442 U.S. 1, 7 (1979).  "When,
however, a State creates a liberty interest, the Due Process
Clause requires fair procedures for its vindication -- and federal
courts will review the application of those constitutionally
required procedures." Swarthout v. Cooke, No. 10-333, slip op. at
4 (U.S. Jan. 24, 2011).  The procedures required are "minimal."
Id.  A prisoner receives adequate process when "he was allowed an
opportunity to be heard and was provided a statement of the
reasons why parole was denied." Id. at 4-5.  "The Constitution
does not require more." Greenholtz, 442 U.S. at 16.

In the instant matter, Petitioner received at least the
required amount of process.  The record shows that he was allowed
an opportunity to be heard at his parole hearing and that he was
notified of the reasons the Governor denied him parole.  Having

3

found that Petitioner received these procedural requirements, this federal habeas court's inquiry is at an end. <u>Cooke</u>, slip op. at 5. Petitioner's claim that the Governor's decision did not comply with California's "some evidence" rule of judicial review is of "no federal concern." <u>Id.</u> at 6. Accordingly, the petition is DENIED.

CONCLUSION

The state court's adjudication of the claim did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, nor did it result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, the petition is DENIED.

Further, a certificate of appealability is DENIED. Reasonable jurists would not "find the district court's assessment of the constitutional claims debatable or wrong." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000). Petitioner may seek a certificate of appealability from the Ninth Circuit Court of Appeals. The Clerk of the Court shall enter judgment in favor of Respondent and close the file.

IT IS SO ORDERED.

Dated: 2/15/2011

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California

4

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

NEVILLE PORRAS,

                Plaintiff,

  v.

C. NOLL et al,

                Defendant.
_____/

Case Number: CV09-04936 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 15, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Neville  Porras E-37606
Correctional Traning Facility
YW-337
P.O. Box 689
Soledad,  CA 93960-0689

Dated: February 15, 2011

                Richard W. Wieking, Clerk
                By: Nikki Riley, Deputy Clerk

**United States District Court**
For the Northern District of California