IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

NEVILLE PORRAS,

    Petitioner,

  v.

RANDY GROUNDS, Warden,

    Respondent.
                                   /

No. C 09-04936 CW (PR)

ORDER DENYING MOTION FOR RECONSIDERATION OR, ALTERNATIVELY, REQUEST FOR CERTIFICATE OF APPEALABILITY; DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL; DENYING MOTION FOR CLARIFICATION

    Petitioner filed the instant pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 based upon Governor Arnold Schwarzenegger's reversal of the decision by the Board of Parole Hearings (Board) finding Petitioner suitable for parole. On February 15, 2011, the Court denied the petition, finding as follows:

> Petitioner claims that the Governor's decision violated his right to due process because it was not based on "some evidence" that he currently poses an unreasonable risk to public safety, a requirement under California law. "There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners." Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 7 (1979). "When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication -- and federal courts will review the application of those constitutionally required procedures." Swarthout v. Cooke, No. 10-333, slip op. at 4 (U.S. Jan. 24, 2011). The procedures required are "minimal." Id. A prisoner receives adequate process when "he was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied." Id. at 4-5. "The Constitution does not require more." Greenholtz, 442 U.S. at 16.

> In the instant matter, Petitioner received at least the required amount of process. The record shows that he was allowed an opportunity to be heard at his parole hearing and that he was notified of the reasons the Governor denied him parole. Having found that Petitioner received these procedural requirements, this federal habeas court's inquiry is at an end. Cooke, slip op. at 5. Petitioner's claim that the Governor's decision did not comply with California's "some evidence" rule of judicial review is of "no federal concern." Id. at 6. Accordingly, the petition is DENIED.

Order Denying Petition at 3:6-4:6.

By that same order, the Court denied a certificate of appealability. Thereafter, Petitioner filed a notice of appeal and a motion for reconsideration or, alternatively, request for a certificate of appealability. On July 11, 2011, the Ninth Circuit dismissed the appeal for lack of jurisdiction because the notice of appeal was untimely. In so doing, the Ninth Circuit stated: "This dismissal is without prejudice to the filing of a timely notice of appeal from the district court's decision on appellant's pending motion for reconsideration." Porras v. Grounds, No. 11-15827 (9th Cir. July 11, 2011.)

Petitioner moves for reconsideration of the Court's decision denying the instant petition by arguing that the Supreme Court wrongly decided Cooke. Petitioner's disagreement with the Supreme Court's decision does not provide a basis for the Court to set aside the Order denying his habeas petition or the judgment thereon.

Petitioner's renewed request for a certificate of appealability also is without merit. As the Ninth Circuit recently clarified: "Cooke was unequivocal in holding that if an inmate

seeking parole receives an opportunity to be heard, a notification of the reasons as to denial of parole, and access to their records in advance, '[t]hat should . . . be [] the beginning and the end of [the] inquiry into whether [the inmate] received due process.'" Pearson v. Muntz, 639 F.3d 1185, 1191 (9th Cir. 2011) (quoting Cooke, 131 S. Ct. at 862). Such rationale applies whether the prisoner is challenging the decision of the Governor or of the Board. Styre v. Adams, ___ F.3d. ___, 2011 WL 2176465, at *1 (9th Cir. June 6, 2011) (finding due process satisfied where prisoner did not dispute he received procedural safeguards at Board hearing and Governor reversed Board's grant of parole without conducting separate hearing). Because Petitioner herein has not disputed that he was provided with the above procedural safeguards at his hearing, and the record shows that he was, the Court finds that reasonable jurists would not "find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Accordingly, Petitioner's motion for reconsideration or, alternatively, request for a certificate of appealability is DENIED. Additionally, Petitioner's motion to proceed in forma pauperis on appeal is DENIED. Petitioner has since filed a Motion for Clarification, requesting the status of his Motion for Reconsideration. The Motion for Clarification is now DENIED as moot. This Order terminates Docket nos. 8, 12 and 18.

IT IS SO ORDERED.

Dated: 9/8/2011

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

NEVILLE PORRAS,

        Plaintiff,

  v.

C. NOLL et al,

        Defendant.

Case Number: CV09-04936 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 8, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Neville Porras E-37606
Correctional Traning Facility
Z-118-U
P.O. Box 689
Soledad, CA 93960-0689

Dated: September 8, 2011

                                    Richard W. Wieking, Clerk
                                    By: Nikki Riley, Deputy Clerk